**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Anita Barbee Reier, ) | |
| ) | Civil Action No. 5:15-cv-00117-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Plaintiff Anita Barbee Reier ("Plaintiff") filed this action, seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") under 42 U.S.C. § 405(g) (2012). This matter is before the court for review of the United States Magistrate Judge's Report and Recommendation ("Report"), issued in accordance with 28 U.S.C. § 636(b)(1)(B) (2012) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 17.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (*Id.* at 25.) Plaintiff timely objected to the Magistrate Judge's recommendation. (ECF No. 19.) For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 17) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB under 42 U.S.C. § 405(g).

## I.    LEGAL STANDARD

A.  *Magistrate Judge's Report*[1]

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews*

---

[1] The Report sets forth in detail the relevant procedure and facts and of this matter. (ECF No. 17 at 1–5.) The court incorporates those portions of the Magistrate Judge's Report herein without recitation.

*v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### B. Federal Review of Administrative Decisions

The Social Security Act establishes an administrative scheme wherein the federal judiciary's role is limited. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to

assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58. This court adheres to that responsibility and considers the record, the Report, and Plaintiff's objections in this case.

## II.     ANALYSIS

One of Plaintiff's main objections is to the Magistrate Judge's finding that there was substantial evidence to support the ALJ's determinations that Plaintiff's mental impairments are not severe. (ECF No. 19 at 1.) Plaintiff specifically challenges the ALJ's "reli[ance] solely on inconsistencies in the Plaintiff's hearing testimony and what the Plaintiff reported to her treating physician" as a basis for this determination. (*Id.* at 2.) Citing *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996), Plaintiff contends that the ALJ was wrong to do so because medical evidence should not have been required to substantiate Plaintiff's testimony. (*Id.*)

Indeed, the Court of Appeals for the Fourth Circuit in *Craig* was clear that "because pain is subjective and cannot always be confirmed by objective indicia, claims of disabling pain may not be rejected 'solely because the available objective evidence does not substantiate [the claimant's] statements' as to the severity and persistence of her pain." *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) (quoting 20 C.F.R. §§ 416.929(c)(2) (2012) & 404.1529(c)(2) (2012)). But it further clarified: "That is, once a medically determinable impairment which could reasonably be expected to produce the pain alleged by the claimant is shown by objective evidence, the claimant's allegations as to the severity and persistence of her pain may not be dismissed merely because objective evidence of the pain itself (as opposed to the existence of an impairment that could produce the pain alleged), such as inflamed tissues or spasming muscles, are not present to corroborate the existence of pain." *Id.*

3

This court does not find that the ALJ in this case rejected Plaintiff's testimony of her mental impairments solely because of the unavailability of the type of objective evidence that *Craig* references. As the Magistrate Judge found, (ECF No. 17 at 21)—and as even Plaintiff notes, (*see* ECF No. 19 at 2) —what the ALJ partly relied on in reaching his determination were the inconsistencies between Plaintiff's hearing testimony and what she, herself, had expressed to medical authorities before that time. (ECF No. 9-2 at 21.) Among these inconsistencies, the ALJ noted, for example, that while Plaintiff reported in the hearing testimony several medication side effects and problems with concentration, she denied on "the most contemporaneous visit to the date last insured" having any medication side effects and reported her ability to perform basic daily activities. (*Id.* at 19–22.) Moreover, this court agrees with the Magistrate Judge that the ALJ complied with all of the steps 20 C.F.R. § 404.1520a (2012) requires in evaluating Plaintiff's mental impairments, including these noted inconsistencies, and also adequately supported his application of the steps with documentation. *See generally Jackson v. Astrue*, 8:08-2855-JFA, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) ("[A]n ALJ is not required to provide a written evaluation of every piece of evidence, but need only minimally articulate his reasoning so as to make a bridge between the evidence and its conclusions.") (internal quotation and citations omitted).

The second of Plaintiff's main objection is to the Magistrate Judge's conclusion that the ALJ did not need to give controlling weight to Plaintiff's treating physician's opinion. Plaintiff argues: "The ALJ must give controlling weight to the opinion of a treating physician when, as it is here, the physician's opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" (ECF No. 19 at 2 (quoting 20 C.F.R. § 404.1527(d)(2) (2012)).)

4

This court, however, agrees with the Magistrate Judge's explanation for why the ALJ's weighing of that opinion in this case did not violate applicable regulations and case law. (*See* ECF No. 17 at 18–19.) As the Magistrate Judge concluded: "As required, the ALJ provided reasons why he gave [the treating physician]'s opinion little weight. Citing to both [the treating physician]'s report and to [the treating physician]'s treatment notes, the ALJ explained why he thought [the treating physician]'s report was inconsistent with the medical records." (*Id.* at 18–19 (citing ECF No. 9-2 at 22).)

To conclude, this court restates its responsibility to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Upon review of the record, the court finds that the Commissioner's decision is supported by substantial evidence here.

## IV.     CONCLUSION

Accordingly, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 17), **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI under 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 5, 2016
Columbia, South Carolina